NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JORGE SANCHEZ-ACEVES,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.   20-72642

Agency No. A208-123-760

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2025**
Pasadena, California

Before:  NGUYEN, FORREST, and VANDYKE, Circuit Judges.

Jorge Sanchez-Aceves, a native and citizen of Mexico, petitions for review

of a decision by the Board of Immigration Appeals ("BIA") dismissing his appeal

from the immigration judge's ("IJ") order denying asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

  *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  **      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *see De Souza Silva v. Bondi*, 139 F.4th 1137, 1142 (9th Cir. 2025), we deny the petition for review.[1]

1.    Substantial evidence supports the agency's finding that the three armed men did not harm Sanchez-Aceves "on account of" a protected ground, 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A) (asylum standard), or "because of" a protected ground, *id.* § 1231(b)(3)(A) (withholding standard). There is no evidence that the men were interested in Sanchez Aceves, his political opinions and alignments, or his membership in any particular social groups. Their only evident concern was evading the convoy and, after they left Sanchez-Aceves's home, the police. Therefore, the BIA did not err in concluding that Sanchez-Aceves failed to establish the required nexus to his alleged past persecution. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023).

2.    Substantial evidence supports the agency's finding that Sanchez-Aceves does not have an objectively reasonable fear of future persecution. He does not know who the three men are, there is no evidence that they know who he is, and his family has lived in Mexico unharmed for years after the incident. *See*

---

[1] We also deny Sanchez-Aceves's motion to stay the order of removal (docket entry no. 1).

*Gonzalez-Lara v. Garland*, 104 F.4th 1109, 1116 (9th Cir. 2024). Therefore, the BIA did not err in denying his claims for asylum and withholding of removal.

3. For similar reasons, substantial evidence supports the agency's finding that Sanchez-Aceves is not "more likely than not to be tortured" in Mexico. 8 C.F.R. § 1208.16(c)(4). Therefore, the BIA did not err in denying his claim for CAT relief. *See Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1201 (9th Cir. 2023).

**PETITION DENIED.**